U.S. DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION

Case No.

IGLESIA DE AVIVAMIENTO
EMMANUEL, INC.,

   Plaintiff,

vs.

SCOTTSDALE INSURANCE
COMPANY,

   Defendant.
_____/

**COPIES OF ALL PROCESS, PLEADINGS AND ORDERS,
WITH THE EXCEPTION OF DISCOVERY SERVED WITH THE COMPLAINT,
IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT, MIAMI-
DADE COUNTY, FLORIDA SERVED IN THE STATE PROCEEDINGS**



# Notice of Service of Process

null / ALL
**Transmittal Number: 19963943**
Date Processed: 06/18/2019

| | |
|---|---|
| **Primary Contact:** | SOP Team nwsop@nationwide.com<br>Nationwide Mutual Insurance Company<br>Three Nationwide Plaza<br>Columbus, OH 43215 |
| **Electronic copy provided to:** | Ashley Roberts |
| **Entity:** | Scottsdale Insurance Company<br>Entity ID Number  3286058 |
| **Entity Served:** | Scottsdale Insurance Company |
| **Title of Action:** | Iglesia DE Avivamiento Emmanuel, Inc  vs. Scottsdale Insurance Company |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Miami-Dade County Circuit Court, FL |
| **Case/Reference No:** | 2019-014006-CA-01 |
| **Jurisdiction Served:** | Florida |
| **Date Served on CSC:** | 06/18/2019 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | FL Chief of Financial Services on 06/14/2019 |
| **How Served:** | Electronic SOP |
| **Sender Information:** | Vargas Gonzalez Hevia Baldwin, LLP<br>N/A |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com

CHIEF FINANCIAL OFFICER
JIMMY PATRONIS
STATE OF FLORIDA

---

IGLESIA DE AVIVAMIENTO EMMANUEL, INC.

PLAINTIFF(S)

VS.

SCOTTSDALE INSURANCE COMPANY

DEFENDANT(S)
_____/

SUMMONS, COMPLAINT, DISCOVERY

CASE #:     2019-014006-CA-01
COURT:      CIRCUIT COURT
COUNTY:     MIAMI-DADE
DFS-SOP #:  19-000156964

# NOTICE OF SERVICE OF PROCESS

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial Officer of the State of Florida. Said process was received in my office by ELECTRONIC DELIVERY on Friday, June 14, 2019 and a copy was forwarded by ELECTRONIC DELIVERY on Tuesday, June 18, 2019 to the designated agent for the named entity as shown below.

SCOTTSDALE INSURANCE COMPANY
LYNETTE COLEMAN
1201 HAYS STREET
TALLAHASSEE, FL 32301

**\*Our office will only serve the initial process(Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent filings, pleadings, or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule #1.080**

Jimmy Patronis
Chief Financial Officer

ANDREW VARGAS, ESQ.
TRUJILLO VARGAS GONZALEZ & HEVIA, LLP.
815 PONCE DE LEON BLVD., 3RD FLOOR
CORAL GABLES, FL 33134

TSC

|  |  |  |
|---|---|---|
| ☐ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. <br> ☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. | | |
| **DIVISION** <br> ☒ CIVIL ☐ OTHER <br> ☐ DISTRICTS | **SUMMONS 20 DAY CORPORATE SERVICE** <br> (a) GENERAL FORMS | **CASE NUMBER** <br> 2019-014006-CA-01 |
| **PLAINTIFF (S)** <br> IGLESIA DE AVIVAMIENTO EMMANUEL, INC., | **VS. DEFENDANT (S)** <br> SCOTTSDALE INSURANCE COMPANY, | **SERVICE** |

THE STATE OF FLORIDA:

To Each Sheriff of the State:

**YOU ARE HEREBY COMMANDED** to serve this summons and copy of the complaint or petition in this action on defendant(s): **SCOTTSDALE INSURANCE COMPANY**

**BY AND THROUGH THE FLORIDA DEPARTMENT OF FINANCIAL SERVICES**

**CHIEF FINANCIAL OFFICER, 200 EAST GAINES STREET**

**TALLAHASSEE, FL 32399-4201**

Each defendant is required to serve written defense to the complaint or petition on Plaintiff's Attorney: Joanis Ruiz, Esq.

Whose address is: Vargas Gonzalez Hevia Baldwin, LLP.

815 Ponce De Leon Blvd., Third Floor

Coral Gables, FL 33134

RECEIVED AS STATUTORY REGISTERED AGENT on 14 June, 2019 and served on defendant or named party on 18 June, 2019 by the Florida Department of Financial Services

CLOCK IN

Within 20 days " **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days."** after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| HARVEY RUVIN <br> CLERK of COURTS | [signature] 219401 <br> DEPUTY CLERK | DATE <br> 6/11/2019 |
|---|---|---|

**AMERICANS WITH DISABILITIES ACT OF 1990 ADA NOTICE**

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2702, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

CLK/CT. 314 Rev. 02/16                                      Clerk's web address: www.miami-dadeclerk.com

|  |  |
|---|---|
| IGLESIA DE AVIVAMIENTO EMMANUEL, INC., <br><br>         Plaintiff, <br><br> v. <br><br> SCOTTSDALE INSURANCE COMPANY, <br><br>         Defendant. <br> _____/ | IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA <br><br> CIVIL DIVISION <br><br> CASE NO.: |

## COMPLAINT

Iglesia De Avivamiento Emmanuel, Inc. (Plaintiff), hereby sues Defendant, Scottsdale Insurance Company (Defendant), and alleges as follows:

### PARTIES, JURISDICTION & VENUE

1. This is an action for damages that exceed $15,000 but are less than $75,000 exclusive of interest, costs and attorneys' fees.

2. Defendant is a Florida Corporation, organized and existing under the laws of Florida, qualified to do business in Florida, and has at all times material hereto been conducting business in Miami-Dade County, Florida.

3. Venue is proper in Miami-Dade County, Florida because the contract, which forms the subject matter of this lawsuit, was executed in Miami-Dade County, Florida, the subject property is located in Miami-Dade County, Florida and Defendant has engaged in substantial and not isolated activity within Miami-Dade County, Florida, pursuant to Fla. Stat. § 48.193(2).

4. All conditions precedent to the filing of this lawsuit have occurred, have been waived, or have been performed.

## GENERAL ALLEGATIONS

5. At all times material hereto, in consideration of a premium paid by Plaintiff, there was in full force and effect a certain homeowners insurance policy issued by Defendant with a policy number of CPS2287300 (Policy).

6. Plaintiff is not in possession of a full copy of the insurance policy sued upon herein and is therefore unable to attach a copy of the entire policy that forms the basis of this Complaint. However, Plaintiff hereby incorporates by reference the insurance policy pursuant to Fla. R. Civ. P. 1.350(a). A copy of the Policy will be obtained via Discovery.

7. Accordingly, under the terms of the Policy, the Defendant agreed to provide insurance coverage to Plaintiff's property against certain losses. The damaged property is located at 3001 N.W. 167th Terrace, Miami Gardens, FL 33055 (Property).

8. On or about September 10, 2017, while the Policy was in full force and effect, the Property sustained a covered loss (Loss).

9. Shortly thereafter Plaintiff reported the Loss to the Defendant.

10. Accordingly, Defendant assigned claim number 01790785 and inspected the Property.

11. Subsequently, Defendant failed to adequately indemnify Plaintiff for the Loss.

12. By its failure to tender an appropriate amount to repair the Property, Defendant has materially breached the Policy.

13. Defendant has failed to properly indemnify Plaintiff for their losses stemming from the Loss.

14. Plaintiff has suffered and continues to suffer damages resulting from Defendant's breach of the Policy.

15. Plaintiff was obligated to retain the undersigned attorneys for the prosecution of this action

and is entitled to reasonable attorneys' fees pursuant to Fla. Stat. § 626.9373.

## COUNT I
## BREACH OF CONTRACT

Plaintiff reincorporates paragraphs 1 through 15 as if fully set forth herein.

16. It is undisputed that Plaintiff and Defendant entered into a written contract, the Policy, wherein Plaintiff agreed to pay a premium and in exchange Defendant agreed to insure the Property.

17. Plaintiff has paid all premiums due and owing as contemplated by the Policy, thus, fully performing its obligations under the Policy.

18. Further, at all times material hereto, Plaintiff has satisfied all post-loss obligations accorded in the Policy, including but not limited to: (i) promptly reporting the Loss to Defendant; (ii) providing all documents in their possession and control; and (iii) making the property available for inspection.

19. Defendant has failed to properly indemnify Plaintiff for its losses stemming from the covered peril.

20. As a result of the foregoing, Defendant has breached the Policy.

21. As a direct and proximate result of Defendant's breach of the Policy, Plaintiff has sustained damages.

WHEREFORE, Plaintiff, Iglesia De Avivamiento Emmanuel, Inc., respectfully requests that this Honorable Court enter judgment against Defendant, Scottsdale Insurance Company, for damages, plus interest, court costs and reasonable attorneys' fees pursuant to Fla. Stat. § 626.9373, and that the drafts for insurance proceeds comply with Fla. Stat. § 627.70121.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all issues triable as a matter of right.

Dated this day, June 10, 2019.

        **VARGAS GONZALEZ**
        **HEVIA BALDWIN, LLP.**
        815 Ponce De Leon Blvd., 3rd Floor
        Coral Gables, FL 33134
        Tel: 305.631.2528
        Fax: 305.631.2741
        E-mail: service5@VargasGonzalez.com
        E-mail: JRuiz@VargasGonzalez.com

By: _____/s/_____
        Joanis Ruiz , Esq.
        Fla. Bar No.: 124234

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY,
FLORIDA
CIVIL DIVISION

Case No. 2019-014006-CA-01

IGLESIA DE AVIVAMIENTO
EMMANUEL, INC.,

  Plaintiff,

vs.

SCOTTSDALE INSURANCE
COMPANY,

  Defendant.
_____/

**DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND DEMAND FOR JURY TRIAL IN RESPONSE TO PLAINTIFF'S COMPLAINT**

Defendant, SCOTTSDALE INSURANCE COMPANY ("SCOTTSDALE"), hereby serves its Answer, Affirmative Defenses, Motion to Strike, and Demand for Jury Trial in Response to the Complaint filed by Plaintiff, IGLESIA DE AVIVAMIENTO EMMANUEL, INC. ("IGLESIA"), stating as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Admitted that IGLESIA seeks an amount in excess of $15,000.00. Otherwise, denied that the facts developed to date establish that any amount is owed in this action.

2. Admitted that SCOTTSDALE is an insurance company qualified to do business in Florida and conducting business in Miami, Dade County, Florida. Otherwise, denied.

3. Admitted for jurisdictional purposes only.

4. Denied, as IGLESIA failed to protect the property from further damage.

## GENERAL ALLEGATIONS

5. Admitted that SCOTTSDALE issued a policy of insurance to IGLESIA, bearing policy number CPS2891173 for the property located at 3001 N.W. 167th Terrace, Miami Gardens, FL 33054 with effective dates of July 22, 2017 to July 22, 2018, in consideration for premium payments. Otherwise, denied.

6. Admitted that SCOTTSDALE will provide a copy of Policy No. CPS2891173 to IGLESIA. Otherwise, without knowledge, and, therefore, denied.

7. Admitted that Policy No. CPS2891173 provides certain coverages for the property located at 3001 N.W. 167th Terrace, Miami Gardens, FL 33054, subject to the terms, conditions, exclusions, and provisions therein. Otherwise, denied.

8. Admitted that SCOTTSDALE extended coverage for the covered portions of IGLESIA's reported loss with an alleged date of September 18, 2017, otherwise, denied.

9. Admitted that IGLESIA reported a Hurricane Irma claim to SCOTTSDALE on September 22, 2017 with an alleged date of loss of September 18, 2017.

10. Admitted.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

## COUNT I - BREACH OF CONTRACT

SCOTTSDALE reincorporates and re-avers its responses to Paragraphs 1 through 15 above, as if fully set forth herein.

16. Admitted that SCOTTSDALE issued a policy of insurance to IGLESIA, bearing Policy Number CPS2891173 for the property located at 3001 N.W. 167th Terrace, Miami Gardens, FL 33054 with effective dates of July 22, 2017 to July 22, 2018, in consideration for premium payments. Otherwise, denied.

17. Admitted that paid premiums relative to Policy Number CPS2891173. Otherwise, denied, as IGLESIA failed to protect the property from further damage.

18. Denied, as IGLESIA failed to protect the property from further damage

## AFFIRMATIVE DEFENSES
### First Affirmative Defense

19. SCOTTSDALE has fully compensated IGLESIA for all covered damages, subject to the terms and conditions of the policy. Accordingly, IGLESIA's claim is barred by the doctrine of accord and satisfaction.

### Second Affirmative Defense

20. IGLESIA failed to comply with all conditions precedent to the filing of this action. Specifically, IGLESIA reported the subject claim to SCOTTSDALE on February 5, 2018 with a date of loss of January 9, 2018. The policy provides as follows:

> *E. Loss Conditions*
>
> *The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions:*
>
> . . .
>
> *3. Duties In The Event Of Loss Or Damage*
>
> > *a. You must see that the following are done in the event of loss or damage to Covered Property*

:

. . .

> **(4)** *Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim. This will not increase the Limit of Insurance. However, we will not pay for any subsequent loss or damage resulting from a cause of loss that is not a Covered Cause of Loss. Also, if feasible, set the damaged property aside and in the best possible order for examination.*

. . .

## Third Affirmative Defense

21. Portions of IGLESIA's claim are not covered under the subject policy of insurance, as set forth in GHD, Inc.'s April 10, 2018 Roof Assessment Report. GHD, Inc. determined that portions of the claimed damage were the result of long-term roof leaks resulting from wear and tear and deterioration of the roof surface, which are not covered under the subject policy of insurance, as follows:

> ***CAUSES OF LOSS – SPECIAL FORM***
>
> **A.    Covered Causes Of Loss**
>
> *When Special is shown in the Declarations, Covered Causes of Loss means direct physical loss unless the loss is excluded or limited in this policy.*
>
> **B.    Exclusions**
>
> . . .
>
> **2.**    *We will not pay for loss or damage caused by or resulting from any of the following:*
>
> . . .
>
> **d.    (1)**    *Wear and tear;*
>
>    **(2)**    *Rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;*
>
> . . .
>
> **3.**    *We will not pay for loss or damage caused by or resulting from any of the following, 3.a. through 3.c. But if an excluded cause of loss that is listed in 3.a. through 3.c. results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.*

4

. . .

    **c.**    *Faulty, inadequate or defective:*

. . .

    **(2)** *Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;*
    **(3)** *Materials used in repair, construction, renovation or remodeling; or*
    **(4)** *Maintenance;*

*of part or all of any property on or off the described premises.*

. . .

    **C.**    ***Limitations***

*The following limitations apply to all policy forms and endorsements, unless otherwise stated:*

    **1.**    *We will not pay for loss of or damage to property, as described and limited in this section. In addition, we will not pay for any loss that is a consequence of loss or damage as described and limited in this section.*

. . .

    **c.**    *The interior of any building or structure, or to personal property in the building or structure, caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless:*

    **(1)**    *The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters;*

. . .

### Fourth Affirmative Defense

22. The scope and cost of repairs to the subject property as alleged by IGLESIA is not reasonable and/or necessary regarding the losses and services performed, as based on industry and community standards.

### Fifth Affirmative Defense

23. IGLESIA has failed to state a cause of action, as it failed to attach a copy of the policy of insurance to the Complaint, as required by Rule 1.130(a), *Florida Rules of Civil Procedure.*

**Sixth Affirmative Defense**

24. IGLESIA's action is barred by and subject to the terms of policy no. CPS2891173, including any and all exceptions, exclusions, limitations, and coverages provided thereunder and/or outlaw. SCOTTSDALE specifically reserves the right to raise any and all affirmative defenses available to it under policy number CPS2891173, which is incorporated by reference according to applicable Florida Law.

**DEMAND FOR JURY TRIAL**

25. SCOTTSDALE hereby demands trial by jury on all issues so triable.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed using the online CM/ECF Filing on the 8th day of July, 2019 to Joanis Ruiz, Esq., Vargas Gonzalez Hevia Baldwin, LLP; service5@VargasGonzalez.com, JRuizVargasGonzalez.com.

/s/Erin R. Kreiser
Andrew P. Rock, Esquire
Florida Bar No. 0656437
Erin R. Kreiser, Esquire
Florida Bar No. 108062
The Rock Law Group, P.A.
1760 Fennell Street
Maitland, FL 32751
Telephone: (407) 647-9881
Telecopier: (407) 647-9966
pleadings@rocklawpa.com
ekreiser@rocklawpa.com
lherbert@rocklawpa.com
Attorneys for Defendant,
Scottsdale Insurance Company

ERK/lh

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY,
FLORIDA
CIVIL DIVISION

Case No. 2019-014006-CA-01

IGLESIA DE AVIVAMIENTO
EMMANUEL, INC.,

  Plaintiff,

vs.

SCOTTSDALE INSURANCE
COMPANY,

  Defendant.
_____/

## NOTICE OF APPEARANCE

PLEASE TAKE NOTICE that Erin R. Kreiser, Esquire of The Rock Law Group, P.A. is appearing as counsel for Defendant, SCOTTSDALE INSURANCE COMPANY, in the above-styled cause of action. As such, please forward copies of all future pleadings, correspondence, etc. to Erin R. Kreiser, Esquire, The Rock Law Group, P.A., 1760 Fennell Street, Maitland, Florida 32751.

*REMAINDER OF THIS PAGE LEFT INTENTIONALLY BLANK*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed using the online CM/ECF Filing on the 8th day of July, 2019 to Joanis Ruiz, Esq., Vargas Gonzalez Hevia Baldwin, LLP; service5@VargasGonzalez.com, JRuizVargasGonzalez.com.

/s/Erin R. Kreiser
Andrew P. Rock, Esquire
Florida Bar No. 0656437
Erin R. Kreiser, Esquire
Florida Bar No. 108062
The Rock Law Group, P.A.
1760 Fennell Street
Maitland, FL 32751
Telephone: (407) 647-9881
Telecopier: (407) 647-9966
pleadings@rocklawpa.com
ekreiser@rocklawpa.com
lherbert@rocklawpa.com
Attorneys for Defendant,
Scottsdale Insurance Company

ERK/lh

                                                IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY,
FLORIDA
CIVIL DIVISION

Case No. 2019-014006-CA-01

IGLESIA DE AVIVAMIENTO
EMMANUEL, INC.,

   Plaintiff,

vs.

SCOTTSDALE INSURANCE
COMPANY,

   Defendant.
_____/

**<u>DEFENDANT'S NOTICE OF</u>**
**<u>DESIGNATION OF E-MAIL ADDRESSES</u>**

Defendant, SCOTTSDALE INSURANCE COMPANY, by and through undersigned counsel, and pursuant to Fla. R. Jud. Admin. 2.516, hereby files this Notice of Designation of E-Mail Addresses for service by electronic mail in this action.

   Primary E-Mail Address:      pleadings@rocklawpa.com

   Secondary E-Mail Address:   ekreiser@rocklawpa.com

   Tertiary E-Mail Address:     lherbert@rocklawpa.com

Service to any other e-mail addresses will not be considered proper service to the above-referenced rule.

***REMAINDER OF THIS PAGE LEFT INTENTIONALLY BLANK***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed using the online CM/ECF Filing on the 8th day of July, 2019 to Joanis Ruiz, Esq., Vargas Gonzalez Hevia Baldwin, LLP; service5@VargasGonzalez.com, JRuizVargasGonzalez.com.

/s/Erin R. Kreiser
Andrew P. Rock, Esquire
Florida Bar No. 0656437
Erin R. Kreiser, Esquire
Florida Bar No. 108062
The Rock Law Group, P.A.
1760 Fennell Street
Maitland, FL 32751
Telephone: (407) 647-9881
Telecopier: (407) 647-9966
pleadings@rocklawpa.com
ekreiser@rocklawpa.com
lherbert@rocklawpa.com
Attorneys for Defendant,
Scottsdale Insurance Company

ERK/lh